# No. 23-1803

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### ASSOCIATED BUILDERS AND CONTRACTORS OF MICHIGAN

Plaintiff-Appellant

v.

### JENNIFER A. ABRUZZO, IN HER OFFICIAL CAPACITY AS GENERAL COUNSEL OF THE NATIONAL LABOR RELATIONS BOARD

Defendant-Appellee

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### (SOUTHERN DIVISION)
### CASE 1:23-cv-277

### MOTION OF THE GENERAL COUNSEL FOR LEAVE
### TO CORRECT AND REVISE THE TRANSCRIPT

**JENNIFER A. ABRUZZO**
  *General Counsel*
**PETER SUNG OHR**
  *Deputy General Counsel*
**NANCY E. KESSLER PLATT**
  *Associate General Counsel*
**DAWN L. GOLDSTEIN**
  *Deputy Associate General Counsel*
**HELENE D. LERNER**
  *Assistant General Counsel*
**KEVIN P. FLANAGAN**
  *Deputy Assistant General Counsel*

**PAUL A. THOMAS**
  *Supervisory Attorney*

**CHRISTINE FLACK**
  *Attorney*
**KWAME SAMUDA**
  *Attorney*

**NATIONAL LABOR RELATIONS BOARD**
1015 Half Street SE, Fourth Floor
Washington, DC 20570
(202) 273-2842

Pursuant to Federal Rule of Appellate Procedure 10(e), Appellee-Defendant, Jennifer Abruzzo, in her official capacity as General Counsel of the National Labor Relations Board ("the General Counsel"), respectfully requests that this Court grant the General Counsel leave to seek correction and revision of various mistakes in the Transcript of Oral Argument held of July 19, 2023 in Case 1:23-cv-277 in the Western District of Michigan, Southern Division ("the district court case"). In support, the General Counsel states as follows:

1. On July 31, 2023, the Honorable Judge Robert J. Jonker issued a Judgment in favor of the General Counsel and against the Appellant-Plaintiff Associated Builders and Contractors of Michigan ("ABC of Michigan"), in which Judge Jonker dismissed the Complaint in the district court case, for the reasons set forth in his Opinion and Order issued that same day. (W.D. Mich. Dkt. # 23 & 24).

2. On August 4, 2023, a Transcript of Oral Argument held on July 19, 2023 before Judge Jonker was entered on the docket in the district court case. (W.D. Mich. Dkt. # 25).

3. On August 30, 2023, ABC of Michigan filed a Notice of Appeal stating that it appeals the District Court's Judgment and Opinion and Order, referenced above in par. 1.

4. On September 5, 2023, Case Manager Robin L Baker issued a letter to the parties in the instant case, stating, in pertinent part, that ABC of Michigan's

appeal had been docketed as case number 23-1803 and the transcript order must be completed by September 19, 2023 (6th Cir. Dkt. # 1).

5. On September 13, 2023, Counsel for the General Counsel emailed Counsel for ABC of Michigan detailing a series of transcription errors that appear in the Transcript of Oral Argument and stating that the General Counsel intends to seek a corrected transcript either by motion or by stipulation. Counsel for the General Counsel requested that ABC of Michigan state its position on such a stipulation as well as its position on the General Counsel filing a motion to correct the transcript errors.

6. On September 19, 2023, Counsel for ABC of Michigan responded stating, in pertinent part: "We'll review your questions on the transcript and get back to you with our position."

7. On September 25, 2023, this Court issued a Notice stating that the initial transcript order had not been completed and if the order was not completed by September 28, 2023, further action would be taken. (6th Cir. Dkt. # 10).

8. On September 26, 2023, ABC of Michigan ordered the transcript for the district court case. The court reporter's acknowledgment is due October 10, 2023. (6th Cir. Dkt. # 11 & 12).

9. On September 28, 2023, Counsel for the General Counsel emailed Counsel for ABC of Michigan asking if ABC of Michigan is amenable to jointly

3

asking the court reporter to make corrections to the transcript before releasing it. On September 29, 2023, Counsel for ABC of Michigan responded stating, in pertinent part: "No, we are not amenable to a stipulation of a 'corrected transcript' per your request. We do not think it is necessary."

10. On October 2, 2023, Counsel for the General Counsel emailed Counsel for ABC of Michigan reiterating the position that the transcript should be made accurate and that the errors are numerous enough to warrant correction. Counsel for the General Counsel stated an intent to file a motion to correct the transcript and stated as follows: "Consistent with our obligation to ascertain whether the motion will be opposed and to attempt to resolve the disagreement, please let us know whether you oppose or agree with the substantive corrections that are set forth in my email from September 13."

11. On October 2, 2023, Counsel for ABC of Michigan responded by stating, in pertinent part: "Consistent with our previous communication, we are not amenable to a stipulation of a 'corrected transcript' per your request. We do not think it is necessary. Thus, we oppose your proposed 'corrections' set forth in your email from September 13."

12. Attached as Exhibit A is a table which sets forth numerous errors appearing in the Transcript of Oral Argument held on July 19, 2023. This list

contains the same transcript errors that were identified to Counsel for ABC of Michigan by email on September 13, 2023.

13. Under Federal Rule of Appellate Procedure 10(a), the transcript of proceedings is part of the record on appeal. However, "[i]f anything material to either party is omitted from or misstated in the record by error or accident," the rule allows "the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded." Fed. R. App. P. 10(e)(2). The rule allows correction of the record either "(A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals." Fed. R. App. P. 10(e)(2). The applicable rule in the district, Federal Rule of Civil Procedure 60(a), provides that the district court may correct mistakes in the transcript "on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *See generally Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (FRAP 10(e) applies when the record inaccurately reports the proceedings in the district court, but does not allow a party to "add new material that was never considered by the district court").

14. Accordingly, the General Counsel respectfully requests that the instant motion for leave be granted and that the Transcript of Oral Argument held on July 19, 2023 be revised and corrected in accordance with the table in Exhibit A.

Respectfully submitted,

/s/ Christine Flack
Christine Flack
Attorney
202-273-2842
christine.flack@nlrb.gov

National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half Street SE, Fourth Floor,
Washington, D.C. 20003

Attorney for the General Counsel

Dated October 2, 2023

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27(d)(2)(A) of the Federal Rule of Appellate Procedure, the undersigned counsel certifies that the foregoing document contains 970 words of proportionally-spaced, 14-point type, and the word processing system used was Microsoft Word for Office 365.

/s/ Christine Flack
Christine Flack
Attorney
202-273-2842
christine.flack@nlrb.gov

National Labor Relations Board
Contempt, Compliance, and Special
Litigation Branch
1015 Half Street SE, Fourth Floor,
Washington, D.C. 20003

Attorney for the General Counsel

| **ASSOCIATED BUILDERS AND** | : | |
| **CONTRACTORS OF MICHIGAN** | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| v. | : | No. 23-1803 |
| | : | |
| **JENNIFER A. ABRUZZO, IN HER OFFICIAL** | : | |
| **CAPACITY AS GENERAL COUNSEL** | : | |
| **OF THE NATIONAL LABOR** | : | |
| **RELATIONS BOARD** | : | |
| | : | |
| Defendant-Appellee | : | |
| _____ | : | |

# EXHIBIT A
## TO THE MOTION OF THE GENERAL COUNSEL FOR LEAVE TO CORRECT AND REVISE THE TRANSCRIPT

| **Page no.** | **Line no.** | **Original text** (bold added) | **Corrected text** (bold added) | **Explanation for Change** |
|---|---|---|---|---|
| 14 | 3 | chart | charge | Mis-transcription |
| 15 | 21 | Two | To | Mis-transcription |
| 16 | 2 | 3D | 3(d) | Parentheses missing around statutory section |
| 17 | 1 | …speak about unions **but** during mandatory meetings at work… | …speak about unions during mandatory meetings at work… | Mis-transcription; word added |

| 17 | 11 | …at **employee's** choice**, and** the primary responsibility… | …at **employees'** choice**. And** the primary responsibility… | Mis-transcription (plural possessive not transcribed/sentence structure) |
|---|---|---|---|---|
| 17 | 10, 11 | employee's | employees' | Mis-transcription (plural possessive not transcribed) |
| 17 | 22 | …issues **in** the circuit court, that court… | …issues **then** the circuit court, that court… | Mis-transcription |
| 19 | 7 | 3D | 3(d) | Parentheses needed around statutory section |
| 21 | 12 | …no injury**, in fact,** shown… | …no **injury in fact** shown… | Mis-transcription (Punctuation/legal term) |
| 21 | 17-21 | Again, they want to talk about unions during mandatory meetings at work **and the idea of requiring employees to attend a meeting. That's not arguably protected by the First Amendment. That's an instance of requiring your worker to do something that's economic conduct, and…** | Again, they want to talk about unions during mandatory meetings at work. **And the idea of requiring employees to attend a meeting, that's not arguably protected by the First Amendment. That's an instance of requiring your worker to do something. That's economic conduct, and…** | Mis-transcription (punctuation/sentence structure incorrect as to start and end of sentences, altering meaning) |

9

| 22 | 11-13 | A board order would be final **and it would be because they are not self-enforcing. It would be appealed** and enforced in the circuit court of appeals … | A board order would be final and **it would be – because they are not self-enforcing – it would be appealed** and enforced in the circuit court of appeals … | Mis-transcription (punctuation/sentence structure incorrect; brackets needed to make meaning clear) |
| --- | --- | --- | --- | --- |
| 23 | 3 | 3D | 3(d) | Parentheses needed around statutory section |
| 23 | 23 | …their **very** disagreement…. | …their **bare** disagreement… | Mis-transcription |
| 24 | 9 | So we think it's **prettily** clear… | So we think it's **pretty** clear… | Mis-transcription |
| 33 | 6 | 3D | 3(d) | Parentheses needed around statutory section |

# CERTIFICATE OF SERVICE

I certify that on October 2, 2023, I electronically filed the foregoing document using the CM/ECF filing system for the United States Court of Appeals for the Sixth Circuit, thereby causing a copy to be served on the ECF Filers electronically by the Notice of Docket activity.

/s/ Christine Flack
Christine Flack
Attorney
202-273-2842
christine.flack@nlrb.gov

National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half Street SE, Fourth Floor,
Washington, D.C. 20003

Attorney for the General Counsel