**23-1803**

---

# United States Court of Appeals
# for the Sixth Circuit

---

ASSOCIATED BUILDERS & CONTRACTORS, INC. OF MICHIGAN,

*Plaintiff – Appellant,*

v.

WILLIAM B. COWEN, in his official capacity as General Counsel of the National Labor Relations Board,

*Defendant – Appellee.*

---

On Appeal from the United States District Court
for the Western District of Michigan
Case No. 1:23-cv-00277
Honorable Robert J. Jonker

---

**MOTION FOR PANEL REHEARING OR TO VACATE AND DISMISS**

---

| | |
|---|---|
| Jacob Huebert | Keith E. Eastland |
| LIBERTY JUSTICE CENTER | Stephen J. van Stempvoort |
| 7500 Rialto Blvd., Suite 1-250 | Brett Swearingen |
| Austin, Texas 78737 | MILLER JOHNSON |
| (512) 481-4400 | 45 Ottawa Ave SW, Suite 1100 |
| | Grand Rapids, Michigan 49503 |
| | (616) 831-1700 |

*Attorneys for Plaintiff-Appellant*

1

Pursuant to Federal Rules of Appellate Procedure 27 and 40(a), Plaintiff-Appellant Associated Builders & Contractors, Inc. of Michigan respectfully asks this Court to grant a panel rehearing of this case, or, in the alternative, to vacate the panel's opinion, dismiss this appeal as moot, and vacate the district court's decision under the doctrine of *United States v. Munsingwear*, 340 U.S. 36 (1950).

## ARGUMENT

**The Court should rehear this case, dismiss it as moot, and vacate the district court's order.**

At oral argument in this case, the question arose whether the Plaintiff's claims became moot when President Trump fired the original Defendant-Appellee in this case, Jennifer Abruzzo, as General Counsel of the National Labor Relations Board ("NLRB"). Plaintiff maintained that this did not render its claims moot because Abruzzo's memorandum that gave rise to Plaintiff's claims remained on the NLRB's website—and thus still implicitly threatened Plaintiff's employer members with prosecution for their speech to employees.

On the day after this Court issued its decision, however, the NLRB's Acting General Counsel (the current Defendant-Appellee, William B. Cowen) issued a memorandum, GC 25-05, which rescinded the Abruzzo

memorandum at issue in this case.[1] Plaintiff concedes that this rescission *does* render its claims moot, as the threat that Abruzzo's memorandum posed—and which Plaintiff sought to enjoin—no longer exists.

Because Plaintiff's case has become moot while its appeal is still pending—Plaintiff's deadline for submitting a petition for panel or en banc rehearing has not passed, and it may still file a petition for certiorari in the Supreme Court—the Court should vacate its previous decision, dismiss this appeal, and vacate the district court's order under the doctrine of *United States v. Munsingwear*, 340 U.S. 36 (1950).

Under *Munsingwear*, when a civil case becomes moot while an appeal is pending, it is "the duty of the appellate court" to "vacate the judgment below and remand with a direction to dismiss." *Id.* at 39-40. "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." *Id.* at 40.

---

[1] https://apps.nlrb.gov/link/document.aspx/09031d4583f3f58c.

In deciding whether to vacate a lower court's moot order under this doctrine, this Court considers three factors: (1) whether a party has asked for vacatur; (2) whether leaving the order in place "would have a preclusive effect on subsequent litigation"; and (3) whether the party seeking vacatur played a role in mooting the case. *Mktg. Displays Int'l v. Shaw*, 93 F.4th 967, 971 (6th Cir. 2024).

This case obviously satisfies the first and third factors: Plaintiff is itself seeking vacatur, and Plaintiff played no role in rendering the case moot.

This case also satisfies the second factor because the district court's order would have a preclusive effect if left in place.

The district court held that it lacked subject-matter jurisdiction over Plaintiff's claim that the NLRB General Counsel acted *ultra vires* in issuing a memorandum threatening employers with prosecution for their speech to employees. Opinion, R. 23 at Page ID ## 380-85. It held both that the General Counsel "acted within her statutory authority" and that district court review of her action was not necessary to prevent Plaintiff from being wholly deprived of its statutory rights. *Id.* at Page ID # 384. If left in place, the district court's decision will have a preclusive effect:

though the current NLRB Acting General Counsel has rescinded Abruzzo's memo, he or a future General Counsel could reinstate it—and Plaintiff would apparently be precluded from challenging it on the same basis as a matter of res judicata. The same is true of the district court's conclusion that Plaintiff lacks standing, particularly its conclusion that Abruzzo's memorandum caused no redressable injury, which amounts to a ruling on the merits of Plaintiff's First Amendment claim. *Id.* at Page ID # 389.

This Court's panel decision would also have a preclusive effect if left in place. The panel's decision held that Plaintiff-Appellant ABC Michigan did not allege an injury in fact sufficient to support its standing because it did not allege that it had spoken to its employees about unionization at mandatory meetings in the past and stated no specific plans to do so in the future. Unless vacated, this decision will establish binding precedent prohibiting ABC Michigan from challenging a similar memorandum under the same factual circumstances. Plaintiff has no way to litigate that issue at this time: it cannot seek panel rehearing, or petition the Supreme Court for certiorari, on that issue because the case is moot. Therefore, the only way to avoid prejudice to Plaintiff based on the

"happenstance" of the case's mootness is to vacate both this Court's decision and the lower court's order. *See Munsingwear*, 340 U.S. at 40.

## CONCLUSION

For these reasons, Plaintiff-Appellant Associated Builders & Contractors, Inc. of Michigan respectfully requests that this Court grant this motion, vacate both the panel's decision and the district court order from which Plaintiff appeals, and remand this case with instructions to dismiss.

Dated: February 25, 2025          Respectfully submitted,

/s/ Jacob Huebert
Jacob Huebert
LIBERTY JUSTICE CENTER
7500 Rialto Blvd., Suite 1-250
Austin, Texas 78737
(512) 481-4400

Keith E. Eastland
Stephen J. van Stempvoort
Brett Swearingen
MILLER JOHNSON
45 Ottawa Ave SW, Suite 1100
Grand Rapids, Michigan 49503
(616) 831-1700

## CERTIFICATE OF COMPLIANCE

I certify that this brief was prepared in Century Schoolbook font, size 14, double-spaced, and is 1,071 words, which is under the limit of 3,900 words for a petition for hearing and the limit of 5,200 words for a motion. *See* Fed. R. App. P. 27(d)(2)(A), 40(d)(3).

/s/ Jacob Huebert